Danny MELVIN and Janet Melvin, Individually and as next friend of Shanie Melvin, a Minor, Plaintiffs,

v.

OLD BEN COAL COMPANY, a corporation, Defendant.

Civ. No. 84–4343.

United States District Court,
S.D. Illinois,
Benton Division.

July 26, 1985.

Harold B. Culley, Jr., West Frankfort, Ill., for plaintiffs.

William W. Hart, Jr., Hart & Hart, P.C., Benton, Ill., for defendant; Campbell & DiVencenzo, Chicago, Ill., Edmund J. Moriarty, Mark M. Pierce, Stephen J. Birek, Jr., Old Ben Coal Co., Lexington, Ky., of counsel.

Mark A. LaRose, Asst. Atty. Gen., State of Ill., Springfield, Ill., for Ill. Dept. of Mines & Minerals.

### MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Defendant Old Ben Coal Company has moved this Court to reconsider and clarify its Memorandum and Order of May 24, 1985, wherein the Court held, *inter alia,* that defendant was subject to the performance standards, including the subsidence control provisions, of the Illinois Permanent Coal Mining Reclamation Program, despite defendant's status as an interim permittee at the time of the mining at issue and despite the fact that longwall mining is involved in this case. Upon a thorough review of the applicable law, the Court is firmly convinced that its prior analysis was correct in every respect, but the Court shall further address the concerns raised by defendant in an effort to clarify defendant's misconceptions as to the applicable law and as to the effect of the Court's prior opinion.

Defendant misconstrues the Court's prior opinion as mandating an absolute and total prohibition on subsidence caused by coal mining. A careful review of the opinion, however, reveals that the Court did not

hold that the Illinois Permanent Coal Mining Reclamation Program, which includes the Surface Coal Mining Land Conservation and Reclamation Act, Ill.Rev.Stat. ch. 96½, § 7901 *et seq.* (1983) ["Illinois Permanent Act"] and the Surface Coal Mining Land Conservation and Reclamation Act State Program Rules and Regulations, absolutely prohibits subsidence caused by longwall mining. The Court's opinion reflected a determination that defendant is required to follow the law as set forth by the Illinois legislature and the rules and regulations promulgated by the Illinois Department of Mines and Minerals in accordance with that law. It is clear that the Illinois Permanent Act allows subsidence under certain circumstances, such as longwall mining, where "the mining technology used requires planned subsidence in a predictable and controlled manner." Ill.Rev.Stat. ch. 96½, § 7904.02. This provision, however, does not serve to exempt longwall mine operations from all provisions in the Illinois Program relating to subsidence control. To hold otherwise would grant longwall mine operators a license to unilaterally ignore federal and state law regarding coal mining; this was clearly not the legislative intent behind the coal mining legislation.

Defendant asserts that it does not have a duty to repair subsidence damage to structures because the Illinois structure repair requirements are more stringent than the federal requirements and because plaintiffs' deed contains a waiver of rights to surface support. According to defendant, the Office of Surface Mining has suspended 30 C.F.R. § 817.121(c)(2), the federal regulation requiring operators to repair subsidence damage to structures. Further, defendant argues that § 817.121(c)(2) merely provided for the repair of subsidence damage "in accordance with State law," and because Illinois case law historically upheld the validity of waivers, defendant would not have a duty to repair structures under federal law.

Defendant's argument is misleading in that the portion of § 817.121(c)(2) which was suspended was the phrase "to the extent required by State law." *See* 50 Fed. Reg. 7274, 7276, 7278. This phrase had been added in June, 1983, and was suspended in March, 1985. As the Illinois subsidence mitigation requirements found at 62 Ill.Admin.Code § 1817.121 and § 1817.124, mirror 30 C.F.R. § 817.121 and § 817.124 at the time of the mining in question and presently, defendant's argument is without merit. Further, as noted at 50 Fed.Reg. 7274:

> Most State programs were approved prior to the promulgation of the 1983 rules. In a few instances, State program amendments were approved based on the 1983 revision. State programs will remain in effect until the Director of OSM has examined the provisions of each State program to determine whether changes are necessary and has notified the State regulatory authority pursuant to 30 C.F.R. 732.17(d) that a State program amendment is required.

Regarding defendant's argument that federal law mandates the enforcement of waivers to preclude compensation for damages, the Court notes that:

> Section 516(b)(1) of the Act specifically protects the surface environment for the present and future, regardless of ownership. The Act does not contemplate that private parties can, by contract or purchase of resources, avoid the Congressional mandate for environmental and other property protection.

\*     \*     \*     \*     \*     \*

> Several comments on Section 817.124 questioned whether the underground operator should be required to protect surface structures or land in cases where the operator either owns the surface or has a specific waiver of damage. The Office has modified this Section because of the shift of emphasis in subsidence control imperatives but has retained the basic tenets of surface protection for both present and future owners, as mandated by the Act's requirement for maintenance of the surface's value and rea-

sonably foreseeable future uses. (Section 516(b)(1) of the Act).

\*    \*    \*    \*    \*    \*

The Office believes that Congress enacted Section 526(b)(1) of the Act in part because State initiative has not in the past adequately met the subsidence damage problem. These rules intend to set the minimum standards for future State regulation. Section 817.124 is appropriate in that is provides options for the operator while providing protection to the surface resources in accordance with the intent of the Act.

\*    \*    \*    \*    \*    \*

The Act recognizes that subsidence cannot always be prevented, but attempts to lessen the effects of subsidence, through planning. Section 817.-124 has been redrafted to strengthen protection of the surface owner and surface values from damages caused by mining.

44 Fed.Reg. 15274–75.

■ Clearly, the enforcement of waivers regarding subsidence damage is not contemplated by federal coal mining laws and regulations or by the analogous Illinois laws and regulations. The position taken by the Illinois Department of Mines and Minerals that all operators are required to control the adverse effects of subsidence damage by mitigating the same and compensating surface owners for damages does not support defendant's argument that the subsidence damage waiver is valid and enforceable. As defendant concedes, "Federal courts commonly give great deference to the interpretation of a statute by the agency that is charged with the enforcement or administration thereof, provided the interpretation is consistent with the express Congressional purpose." Defendant's Memorandum in Support of Old Ben Coal Company's Motion for Reconsideration and Clarification, at 9.

■ That one Illinois circuit court, after this Court rendered its opinion, denied a motion for a preliminary injunction preventing longwall mining in a different action involving different plaintiffs on different land does in no way indicate that the position taken by this Court in the instant case was erroneous. In *Phillips v. Old Ben Coal Company,* No. 85–CH–7 (Circuit Court of the Second Judicial Circuit, Franklin County, Illinois May 28, 1985), the Circuit Judge ascertained that where the surface owner's deed contained a waiver of subjacent surface support, ¶ 7904.02 did not serve to prohibit longwall mining. The state court's holding is not in conflict with this Court's position. The question whether such a waiver would relieve the longwall operator of its duty to compensate surface owners pursuant to the regulations was not before the state court. The Court predicts that when faced with such an issue, the state courts will hold such waivers to be unenforceable as regards the duty to compensate surface owners. Any other construction would render the Illinois legislation and regulations, as well as the federal legislation and regulations, meaningless.

Defendant's contention that its status as an interim permittee exempted it from following the provisions of the Illinois Permanent Program was conclusively addressed in the Court's prior opinion. *See Melvin v. Old Ben Coal Company,* 610 F.Supp. 131, (S.D.Ill.1985). No further clarification of the Court's prior opinion as to this issue is necessary. The Court notes, however, that while defendant used the Illinois Permanent Act as a shield with which to defend itself against an attack on its authority to operate without having been issued a permanent permit in *Phillips v. Old Ben Coal Company,* No. 84–4442 (S.D.Ill. Sept. 21, 1984), defendant now attempts to prevent the applicability of the Illinois Permanent Program. In the previous federal *Phillips* case, this Court found that defendant was authorized under the transition sections of the Illinois Permanent Act to continue operations under an expired interim permit. In reaching this conclusion, the Court specifically addressed the question whether defendant was in compliance with the permanent state and federal programs. Had defendant not been found to be in compliance, ·

a different result may have been reached in *Phillips.*

To sum, the Court's current position is consistent with its prior decision in *Phillips v. Old Ben Coal Company,* No. 84–4442 (S.D.Ill. Sept. 21, 1984), and the state court decision in *Phillips v. Old Ben Coal Company,* No. 85–CH–7 (Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, May 28, 1985). Defendant's position that the longwall mining exemption from the prohibition against causing subsidence serves to exempt longwall mine operators from other laws and regulations regarding coal mining was and is appropriately rejected.

Accordingly, defendant's Motion to Reconsider and Clarify (Document No. 34) is hereby GRANTED IN PART, insofar as this Court has clarified its position herein, and DENIED IN PART, insofar as the Court affirms its prior Memorandum and Order.

IT IS SO ORDERED.